UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

GENE SVIRSKIY

MEMORANDUM AND ORDER ON
DEFENDANT'S EMERGENCY MOTION
FOR REDUCTION OF SENTENCE

May 29, 2020

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is narrowly circumscribed. Under 18 U.S.C. § 3582(c)(1)(A), the court may order a compassionate reduction of sentence only on a finding of "extraordinary and compelling reasons," or alternatively, on findings that apply to mostly elderly long-term inmates suffering from terminal or self-debilitating illnesses who are, as a result, no longer deemed a threat to the safety of any person or the community. Svirskiy does not fit the criteria that apply to this second category of inmate.[1]

---

[1] The government argues that Svirskiy's appeal of his sentence (which is now pending before the First Circuit Court of Appeals) ousts this court from jurisdiction over his motion. This may well be true. *See United States v. Brooks*, 145 F.3d 446, 455-456 (1st Cir. 1998) (a notice of appeal, unless patently meritless, divests a district court of authority to proceed on

In his motion, Svirskiy asks that his original 30-month sentence be reduced to time served.[2] The reason given is a generalized fear of the COVID-19 pandemic and its impact on the federal prison system. Beyond that, no "extraordinary and compelling" reason personal to Svirskiy is given (other than the fact that he is a male). As stated in the motion, Svirskiy is young (in his late 30s) and "in general good health." Def.'s Mot. (Dkt # 2176) at 3, 11. Nor is anything cited with regard to the Camp at FMC

---

any matter touching upon, or involved in, the appeal; thus the court is limited to ancillary or peripheral aspects of the case such as motions for counsel fees, actions in aid of execution of a judgment that has been appealed and not stayed, and orders relating to procedures in aid of the appeal). *But see United States v. Rodriguez-Rosado*, 909 F.3d 472, 477-478 (1st Cir. 2018) (because the divestiture rule is judge-made and not statutory, it is not hard and fast, particularly in those instances in which the interests of judicial economy are not served). However, because the court believes it does not have the authority to grant the motion in any event, the issue is moot. That said, I am reasonably confident that had the rule makers thought of it, they would have provided an explicit exception for inmates whose cases were on appeal.

[2] Svirskiy was convicted of racketeering based on predicate acts of mail fraud and violations of the Food, Drug, and Cosmetic Act in connection with the multiple prosecutions that followed the deadly national outbreak of fungal meningitis traced to a drug manufactured by the now defunct New England Compounding Center where Svirskiy was employed as a supervisory pharmacist. Svirskiy was not implicated in the safety lapses that led to the contamination of the three deadly batches of drugs. The sentence the court imposed was a significant downward departure from the Probation Office's recommended guidelines sentencing range of 78 to 97 months (or, as the government calculated it, life in prison). His current anticipated release date is at the latest August 26, 2021, and likely substantially earlier, given the educational and good conduct credits he has earned while incarcerated.

Devens, where Svirskiy is incarcerated, that suggests a risk of infection greater by any degree of magnitude than that faced by the prison population in general, or for that matter, society at large.[3]

I have no reason to disagree with Svirskiy's counsel's representations that he has been a model inmate, that while awaiting disposition of his case (as the court commended at sentencing) he devoted himself to rehabilitation, a course that he has continued while incarcerated, that he represents no risk of recidivism or threat of any kind to society, and that he has a loving family that is prepared to provide whatever support he would need while finishing his sentence in home confinement. Were this an issue of pretrial detention, I would regard Svirskiy as a prime candidate for release. But it is not. And absent any showing other than a generalized fear of the COVID-19 virus, there is no extraordinary or compelling reason that would make Svirskiy any more eligible for release to home confinement than any other inmate in comparable circumstances. *See United States v. Raia*, 954 F.3d 595, 597 (3rd Cir. 2020). That does not qualify as extraordinary. And, consequently, the law does not give me the authority to order his release.

Because I can foresee no circumstances under which Svirskiy at present could be deemed eligible for compassionate release, I see no reason for a hearing on the matter.

---

[3] The government states in its Opposition that no inmate or staff member at the FMC Devens Camp where Svirskiy is confined has tested positive for COVID-19. Gov't. Opp'n (Dkt # 2178) at 7.

ORDER

For the foregoing reasons, the request for a hearing is <u>DENIED</u>. The Motion for an Emergency Reduction of Sentence is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G Stearns</u>
UNITED STATES DISTRICT JUDGE